# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA
## GREENVILLE DIVISION

| | | |
|---|---|---|
| Marquin Designs, LLC, | ) | Civil Action No. _____ |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **COMPLAINT** |
| | ) | |
| Vino Van Gogh, LLC, | ) | |
| | ) | Jury Trial Demanded |
| Defendant. | ) | |
| | ) | |

Plaintiff, Marquin Designs, LLC (the "Plaintiff"), by its attorneys, for their complaint against defendant Vino Van Gogh, LLC (the "Defendant"), alleges as follows:

## INTRODUCTION

1.     This is an action in law and equity for trademark infringement and false designation of origin under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), and unfair competition under both the *South Carolina Unfair Trade Practices Act §39-5-20* and the common law. As set forth below, Plaintiff provides social art instruction events under its service mark VINO & VAN GOGH[SM]. The Defendant, a late arriving competitor, has introduced services similar to Plaintiff's that bears "VINO VAN GOGH", which is nearly identical to and confusingly similar to Plaintiff's senior mark. Upon information and belief, the Defendant is promoting, marketing, offering for sale and selling its similar services under a nearly identical mark in an effort to mislead and confuse prospective purchasers and to falsely designate the source of origin of its services. Upon information and belief, the Defendant's actions are part of a deliberate attempt to divert sales away from Plaintiff. These actions will continue unless enjoined by this Court.

1

## PARTIES

2.     Marquin Designs, LLC, a South Carolina limited liability company, has as its principal place of business 1307 Augusta Street, Greenville, South Carolina 29605. Vino & van Gogh is an unincorporated division of and wholly owned by Marquin Designs, LLC.

3.     Upon information and belief, Vino Van Gogh, LLC is an Indiana corporation having an address and principal place of business at 11057 Allisonville Road, #238, Fishers, Indiana 46038.

## JURISDICTION AND VENUE

4.     This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338, and 15 U.S.C. § 1121. The Court has supplemental jurisdiction over the state law and common law claims under 28 U.S.C. § 1367(a).

5.     This Court has personal jurisdiction over the Defendant by virtue of the fact that, upon information and belief, the Defendant: (1) regularly solicits business in this state; and (2) has committed a tortious act within the state by committing acts of infringement and unfair competition in South Carolina.

6.     Venue is proper in this District pursuant to 28 U.S.C. § 1391.

## FACTS COMMON TO THE COUNTS

7.     Plaintiff, through its Vino & van Gogh division, provides social art instruction events under its service mark VINO & VAN GOGH[SM], which Plaintiff began using in interstate commerce at least as early as October 2010.

8.    Plaintiff has sought to federally register its senior mark VINO & VAN GOGH$^{SM}$ for "educational and entertainment services, namely, organizing and conducting social art instruction events" under U.S. Trademark Application Serial Number 85/817,889, which is pending at the U.S. Patent and Trademark Office ("USPTO").

9.    Upon information and belief, the Defendant offers and/or markets "education and entertainment services, namely, providing instruction in the field of art" under its junior mark VINO VAN GOGH.  Defendant's junior mark is registered as U.S. Trademark Registration Number 4,294,335 (the "'335 registration") and claims, via a predecessor in interest, a date of first use in commerce of September 19, 2011.

10.    On February 27, 2013, Plaintiff filed a Petition for Cancellation to cancel Defendant's '335 registration in the U.S. Trademark Trial and Appeal Board ("TTAB").  The TTAB assigned Cancellation Number 92056841 to the matter.  The Cancellation action is pending.

**Plaintiff's Senior Mark and Services are Likely to Be Confused with Defendant's Junior Mark and Services**

11.    Since October 2010, Plaintiff, through its Vino & van Gogh division, has offered "educational and entertainment services, namely, organizing and conducting social art instruction events" ("Plaintiff's Services") under the mark VINO & VAN GOGH$^{SM}$.  Attached hereto as **Exhibit A** are sample pages from Plaintiff's website bearing the mark VINO & VAN GOGH$^{SM}$ in relation to Plaintiff's services.

12.    The VINO & VAN GOGH$^{SM}$ mark as shown for example at **Exhibit A** is inherently distinctive to the public, and serves primarily as a designator of origin of Plaintiff's Services emanating from or sponsored or licensed by Plaintiff.

3

13.    As a result of the widespread use and display of the VINO & VAN GOGH$^{SM}$ mark, (a) the public and the trade uses the mark to identify and refer to Plaintiff's Services, (b) the public and the trade recognize that the VINO & VAN GOGH$^{SM}$ mark refers to a high quality service emanating from a single source, and (c) said service mark has built up secondary meaning and extensive goodwill.

14.    Upon information and belief, in December 2011, the Defendant commenced to offer a service bearing the junior mark VINO VAN GOGH.  The Defendant's VINO VAN GOGH is nearly identical to Plaintiff's distinctive VINO & VAN GOGH$^{SM}$ in sound, appearance, and overall commercial impression.

15.    Upon information and belief, the Plaintiff's Services and the Defendant's services are sold in the same channels of trade to the same relevant universe of consumers at a similar price.

16.    Defendant's actions as alleged in connection with the marketing and selling of its same or similar services under its nearly identical mark to Plaintiff's services and mark are intended to and are likely to cause confusion, mistake or deception as to the source of origin of Plaintiff's Services in that the public, the trade and others are likely to believe that Defendant's services are the same as Plaintiff's Services, or are authorized, sponsored or approved by Plaintiff, or are otherwise affiliated or connected with Plaintiff and/or its valuable mark.

17.    Plaintiff's date of first use of its distinctive mark in commerce predates both the filing date of Defendant's federal trademark application and Defendant's claimed date of first use of its junior.  Plaintiff owns the senior distinctive mark and is entitled to priority under the Trademark Act § 2(d), 15 U.S.C. § 1052(d).

18.    Defendant is not the rightful owner of the junior VINO VAN GOGH mark or the associated '335 registration.

19.    Upon information and belief, Defendant had knowledge of Plaintiff's senior VINO & VAN GOGH$^{SM}$ mark and Plaintiff's U.S. Trademark Application Serial Number 85/446,627 before Defendant's mark was registered.

20.    Defendant's actions as alleged have caused, and will continue to cause irreparable harm to Plaintiff and its valuable mark, and to the business and substantial goodwill represented thereby, and said acts and damage will continue unless restrained by this Court.

## COUNT ONE
## TRADEMARK INFRINGEMENT AND
## FALSE DESIGNATION OF ORIGIN

21.    Plaintiff repeats and re-alleges each and every allegation of paragraphs 1 through 17 as though fully set forth herein.

22.    Defendant's acts as alleged constitute trademark infringement, false designation of origin, false representation and false description in violation of the Lanham Act, Section 43(a), 15 U.S.C. § 1125(a), all to the substantial and irreparable injury of the public and of Plaintiff's business reputation and goodwill.

23.    Upon information and belief, by such wrongful acts, the Defendant has, and unless restrained by the Court, will continue to cause serious irreparable injury and damage to Plaintiff and to the goodwill associated with its mark, including diversion of customers, lost sales and lost profits.

24.    Plaintiff has no adequate remedy at law.

## COUNT TWO
### UNFAIR COMPETITION

25.     Plaintiff repeats and re-alleges each and every allegation of paragraphs 1 through 21 as though fully set forth herein.

26.     Defendant's aforementioned acts constitute unfair competition and unfair or deceptive acts or practices in violation of the *South Carolina Unfair Trade Practices Act §39-5-20.*

27.     Plaintiff has been damaged by the Defendant's aforementioned acts.

## COUNT THREE
### COMMON LAW UNFAIR COMPETITION

28.     Plaintiff repeats and re-alleges each and every allegation of paragraphs 1 through 24 as though fully set forth herein.

29.     Defendant's aforementioned acts constitute unfair competition under the common law.

30.     Plaintiff has been damaged by the Defendant's aforementioned acts.

### PRAYER FOR RELIEF

**WHEREFORE, Plaintiff prays for an order of the Court:**

A. Ordering the cancellation of Defendant's U.S. Trademark Registration Number 4,294,335 directed to "Vino Van Gogh".

B. Granting a preliminary and permanent injunction restraining the Defendant, its officers, directors, principals, agents, servants, employees, successors and assigns, and all individuals acting in concert or participation with it, from:

    i)   infringing Plaintiff's trademark; and

       ii) unfairly competing with Plaintiff.

C. Directing the Defendant to use its best efforts to recall from the trade and other third parties any and all infringing services and any marketing, advertising and promotional materials used in connection therewith;

D. Directing the Defendant to file with the Court and serve on counsel for Plaintiff, within thirty (30) days after entry of any injunction issued by the Court in this action, a sworn statement as provided in 15 U.S.C. § 1116 setting forth in detail the manner and form in which the Defendant has complied with the injunction;

E. Directing the Defendant to deliver up to Plaintiff for destruction or other disposition, within thirty (30) days of the entry of final judgment herein, any and all infringing services and any promotional, marketing, advertising, and promotional materials used in connection therewith, now or hereafter in its possession, custody, or control;

F. E. Directing the Defendant to account to Plaintiff for any and all profits derived by the Defendant from the sale of goods or services bearing the infringing mark;

G. Awarding Plaintiff a monetary judgment against the Defendant for Plaintiff's damages and the Defendant's profits pursuant to 15 U.S.C. § 1117;

H. Trebling, if the evidence warrants, the amount of such award on account of Defendant's willful, intentional, and bad faith conduct pursuant to 15 U.S.C. § 1117;

I. Awarding Plaintiff its reasonable attorneys' fees, costs and disbursements incurred herein in view of Defendant's intentional and willful infringement, pursuant to 15 U.S.C. § 1117; and

J.  Awarding Plaintiff such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff hereby demands a trial by jury on all issues so triable.

Respectfully submitted,

TURNER PADGET GRAHAM & LANEY P.A.

Dated: May 14, 2013

s/*Bernard S. Klosowski, Jr.*
Bernard S. Klosowski, Jr. (Fed. ID 9251)
200 East Broad Street, Suite 250 (29601)
P.O. Box 1509
Greenville, South Carolina 29602
(864) 552-4622
Email: bklosowski@turnerpadget.com

ATTORNEYS FOR PLAINTIFF